# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL R. GREENE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN F. STREET, Chairman | : | NO. 10-4529 |
| JANNIE L. BLACKWELL, | : | |
| DEBRA L. BRADY, | : | |
| PATRICK J. EIDING, | : | |
| NELLIE W. REYNOLDS, and | : | |
| PHILADELPHIA HOUSING AUTHORITY | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                                                                                June 22 , 2011

      Currently pending before the Court are: (1) Defendants John F. Street, Debra L. Brady, Patrick J. Eiding, Nellie W. Reynolds, and Philadelphia Housing Authority's Motion to Dismiss the Second Amended Complaint of Plaintiff Carl R. Greene ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) Defendant Jannie L. Blackwell's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint. For the following reasons, Defendants Street, Brady, Eiding, Reynolds, and Philadelphia Housing Authority's Motion is granted in part and denied in part, and Defendant Blackwell's Motion is granted in its entirety.

## I.    FACTUAL AND PROCEDURAL HISTORY

      Plaintiff was hired on March 3, 1998 to serve as Defendant Philadelphia Housing Authority's ("PHA") Executive Director. (Sec. Am. Compl. ¶ 13.) Defendant PHA is governed by the PHA Board of Commissioners ("the Board"), and at the time Plaintiff commenced his

lawsuit, the Board consisted of Defendants Street, Blackwell, Brady, Eiding, and Reynolds. (Sec. Am. Compl. ¶¶ 7-12.) On March 29, 2007, Plaintiff signed a new employment agreement ("the Employment Agreement") with Defendant PHA, which provided a base salary of $275,000, annual incentive compensation of 15% of that salary, and cost of living adjustments. (Id. ¶¶ 15-17; id. Ex. A, Employment Agreement between PHA and Carl R. Greene ("Employment Agreement") ¶ 2(a)-(c).) Defendant PHA could terminate the Employment Agreement immediately for cause, or without cause by providing Plaintiff ninety days' notice in advance. (Employment Agreement ¶ 8(a), 8(c).)

In August of 2010, a series of newspaper articles reported that Plaintiff had defaulted on his mortgage, was subject to federal tax liens, and had been accused of sexual harassment by several former PHA employees. (Sec. Am. Compl. ¶¶ 24-26.) Subsequent to these reports, on August 26, 2010, the Board placed Plaintiff on administrative leave, and adopted a resolution authorizing an independent investigation of the sexual harassment allegations. (Id. ¶¶ 32-36; id. Ex. H.) Defendant Street, as Chairman of the Board, was responsible for overseeing the investigation, which was to be completed thirty days after the adoption of the resolution. (Id. ¶¶ 36-38.) On September 23, 2010, the Board voted 4-1 in favor of terminating Plaintiff. (Id. ¶ 73.) Defendant Blackwell was the only Board member who voted against the termination resolution. (Id. ¶ 74.)

On October 6, 2010, Plaintiff filed an Amended Complaint against Defendants Street, Blackwell, Brady, Eiding, and Reynolds, alleging: (1) denial of procedural due process; (2) breach of contract; (3) defamation; and (4) false light invasion of privacy. (Am. Compl. ¶¶ 84-111.) On January 20, 2011, the Court dismissed the Amended Complaint while granting Plaintiff

leave to amend for a second time. See Greene v. Street, No. CIV.A.10-4529, 2011 WL 208382 (E.D. Pa. Jan. 20, 2011).

Plaintiff then filed a Motion for Leave to File a Second Amended Complaint on February 11, 2011, which this Court granted on March 11, 2011. In Count I of the Second Amended Complaint, Plaintiff brings a claim for deprivation of liberty interest in reputation without due process of law against Defendants Street, Brady, Eiding, and Reynolds in their individual capacities. (Sec. Am. Compl. ¶¶ 88-99.) In Count II, Plaintiff sues Defendant PHA and all five individual Defendants in their official capacities for breach of the Employment Agreement. (Id. ¶¶ 100-108.)

On March 25, 2011, Defendants PHA, Street, Brady, Eiding, and Reynolds collectively filed a Motion to Dismiss the Second Amended Complaint, and a separate Motion to Dismiss was filed that same day by Defendant Blackwell. Plaintiff filed his Response in Opposition on April 15, 2011. Defendants PHA, Street, Brady, Eiding, and Reynolds filed a Reply Brief on April 27, 2011, which was joined by Defendant Blackwell on April 29, 2011.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. It emphasized that it would not require a "heightened fact pleading of specifics,

but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review. Arner v. PGT Trucking, Inc., No. CIV.A.09-0565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. CIV.A.08-0626, 2008 WL 2779079, at *2 (W.D. Pa. Jul. 15, 2008). Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. FED. R. CIV. P. 8; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

Defendants raise various arguments as to why Plaintiff's claims for deprivation of liberty interest in reputation and breach of the Employment Agreement should be dismissed. The Court addresses each claim separately.

### A. Deprivation of a Liberty Interest in Reputation without Due Process of Law

In order to establish a claim for a procedural due process violation pursuant to 42 U.S.C. § 1983, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). The Supreme Court has held that "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971). When notice and an opportunity to be heard are not provided, a plaintiff may bring a procedural due process claim "for deprivation of a liberty interest in reputation." Hill, 455 F.3d at 236 (citation omitted). To prevail, the plaintiff must demonstrate "a stigma to his reputation plus deprivation of some additional right or interest." Id. (citing Paul v. Davis, 424 U.S. 693, 701 (1976)). This is referred to as the "stigma-plus" test, and in the context of public employment, it "has been applied to mean that when an employer 'creates and disseminates a false and defamatory impression about

5

the employee in connection with his termination,' it deprives the employee of a protected liberty interest." Id. (quoting Codd v. Velger, 429 U.S. 624, 628 (1977)). Notably, the Third Circuit has held that "a public employee who is defamed in the course of being terminated or constructively discharged satisfies the 'stigma-plus' test even if, as a matter of state law, he lacks a property interest in the job he lost." Hill, 455 F.3d at 238.

Here, Plaintiff claims he was deprived of his liberty interest in reputation without due process of law when, during the course of his termination proceedings, the Board made false and defamatory statements about him. (Compl. ¶¶ 88-99.) Specifically, Plaintiff alleges that Defendant Street accused him of violating Board policies and engaging in a cover-up to hide information from the Board, called him a "serial sexual harasser," compared him to a drug or sex addict, and "created the false impression that Mr. Greene failed to perform his duties and abandoned his job." (Id. ¶ 97.) Defendants argue that Plaintiff's claim must fail because: (i) he did not request a name-clearing hearing prior to filing suit, (ii) the proper remedy for a deprivation of liberty interest in reputation is a name-clearing hearing, and Plaintiff seeks only damages in this case, and (iii) the individual Defendants are entitled to immunity. (Def. Street, Brady, Eiding, Reynolds, and PHA's Br. Supp. Mot. Dismiss ("Defs.' Br.") 5.)[1] In the alternative, Defendants argue that even if the Court declines to dismiss the deprivation of liberty interest claim in its entirety, the claim should be dismissed with respect to Defendants Brady, Eiding, and Reynolds because the Second Amended Complaint does not attribute any defamatory statements to them. (Id. at 12-13.) The Court considers each of these four arguments in turn.

---

[1] Defendant Blackwell, who filed a separate Motion to Dismiss in this matter, was not named in Plaintiff's deprivation of liberty interest in reputation claim.

1. **Whether a Request for a Name-Clearing Hearing is a Prerequisite to Bringing a Deprivation of Liberty Interest in Reputation Claim**

Defendants, relying primarily on Dean v. City of Coatesville, No. CIV.A.09-4399, 2010 WL 1005142 (E.D. Pa. Mar. 17, 2010), argue that Plaintiff was required to request a name-clearing hearing prior to filing suit, and his failure to do so precludes his claim. (Defs.' Br. 5-6.) In Dean, the court stated the following:

> Our Court of Appeals has not ruled on whether a plaintiff must request a name-clearing hearing, but the better part of the district court cases in this Circuit, along with the decisions of the Fourth and Fifth Circuits, have held that a plaintiff must have requested a name-clearing hearing to proceed on a procedural due process claim in this context. Quinn v. Shirey, 293 F.3d 315, 325 (4th Cir. 2002); Howze v. City of Austin, 917 F.2d 208 (5th Cir. 1990); Rosenstein v. City of Dallas, 876 F.2d 392, 395 (5th Cir. 1989); Puchalski v. School District of Springfield, 161 F. Supp. 2d 395, 406 (E.D. Pa. 2001); O'Connell v. County of Northampton, 79 F. Supp. 2d 529, 535 (E.D. Pa. 1999); but see Erb v. Borough of Catawissa, No. 07-1961, 2009 WL 3182005 at *6 n.8 (M.D. Pa. Sept. 30, 2009) (noting that the Third Circuit has not ruled on whether a request for a name-clearing hearing was necessary to proceed on a procedural due process claim and declining to require it).

2010 WL 1005142, at *4. Plaintiff, citing to Hill v. Borough of Kutztown, supra, argues that because the Third Circuit has never held that a name-clearing hearing must be requested before bringing a deprivation of liberty interest claim, his cause of action may proceed. (Pl.'s Resp. Opp'n 13.) He further contends that, even if such a requirement exists, a letter sent by his attorney to Defendants before this action commenced constituted adequate notice of his desire for a hearing. (Pl.'s Resp. Opp'n 15-16.)

This Court briefly addressed the issue of the name-clearing hearing requirement when deciding Defendants' previous Motion to Dismiss Plaintiff's Amended Complaint. See Greene, 2011 WL 208382, at *5-6. Because Plaintiff's deprivation of liberty interest claim had not been properly pled, however, the Court declined to make any definitive holding regarding this issue.

7

Id. Now that Plaintiff has amended his Complaint to include his liberty interest claim and both parties have had the opportunity to fully brief this issue, the matter is ripe for the Court's consideration.

As Defendants note in relying on Dean, the name-clearing hearing requirement has long been the rule in this district.[2] As one court explained, in a deprivation of liberty interest in reputation claim, the cause of action "arises not from the defamatory or stigmatization conduct *per se* but from the denial of a name-clearing hearing. . . . It follows that to sustain a § 1983 stigmatization claim, an aggrieved employee must plead and prove that he timely requested a name-clearing hearing and that the request was denied." Schlichter v. Limerick Twp., No. CIV.A.04-4229, 2005 WL 984197, at *8 (E.D. Pa. Apr. 26, 2005) (citations omitted).

This Court initially considered the possibility that Hill, which was decided in 2006, may have called into doubt the name-clearing hearing requirement. See Greene, 2011 WL 208382, at *6. This was largely due to the fact that, in that case, the Third Circuit specifically noted that the plaintiff had not clearly alleged that he requested a hearing, but held that his claim could proceed anyway. Hill, 455 F.3d at 239 n.19 ("It is not clear from the complaint whether Hill requested any sort of name-clearing hearing, but we have not held that he was required to do so."). After thorough consideration of the Hill opinion, however, it seems highly unlikely that the Third

---

[2] See Freeman v. McKellar, 795 F. Supp. 733, 739 (E.D. Pa. 1992); Hill v. City of Chester, No. CIV.A.92-4357, 1994 WL 463405, at *4 n.8 (E.D. Pa. Aug. 26, 1994); Villela v. City of Philadelphia, No. CIV.A.95-1313, 1995 WL 295318, at *3 (E.D. Pa. May 9, 1995); Austin v. Neal, No. CIV.A.95-3009, 1996 WL 448230, at *1 (E.D. Pa. Aug. 8, 1996); O'Connell, 79 F. Supp. 2d at 536; Puchalski, 161 F. Supp. 2d at 406; Seneca v. New Hope Borough, No. CIV.A.01-2307, 2002 WL 321663, at *8 (E.D. Pa. Feb. 27, 2002); Schlichter v. Limerick Twp., No. CIV.A.04-4229, 2005 WL 984197, at *8 (E.D. Pa. Apr. 26, 2005) Maule v. Susquehanna Reg'l Police Comm'n, No. CIV.A.04-5933, 2007 WL 2844587, at *12 (E.D. Pa. Sept. 27, 2007).

8

Circuit intended to create a precedent with respect to this issue. To begin with, the name-clearing hearing requirement was not directly before the Third Circuit in Hill. Rather, the purpose of the appeal was to determine whether the plaintiff could sustain his due process liberty interest claim even though he did not have a property interest in his job. Id. at 237-38. In addition, the name-clearing hearing requirement was only briefly addressed in a footnote without any substantive legal analysis. Therefore, in the absence of any definitive guidance from the Third Circuit, the Court follows the long-standing rule of the Eastern District of Pennsylvania and finds that a name-clearing hearing must be requested prior to bringing a liberty interest claim.

The Court now considers whether the Second Amended Complaint sufficiently alleges that Plaintiff requested a name-clearing hearing. On August 27, 2010, Plaintiff's attorney sent a letter the Board in which he offered to meet with the Board members and attempt "to fashion long-term solutions to any concerns properly involving Mr. Greene's performance at Philadelphia Housing Authority." (Sec. Am. Compl., Ex. M, Letter from Clifford E. Haines, Esq. to PHA Board Members, Aug. 27, 2010, 2 ("Haines Letter").) According to Plaintiff, "[d]espite this offer by Mr. Greene's counsel to meet with the Board and participate in the 'investigation' on behalf of his client, those offers went unanswered." (Pl.'s Resp. Opp'n 15.)

Plaintiff argues that the Board's failure to respond to his counsel's offer to meet with them satisfies his burden of pleading that he was denied a name-clearing hearing. (Id.) In support of this argument, he cites to Ersek v. Township of Springfield, 102 F.3d 79 (3d Cir. 1996), in which the plaintiff's attorney had written a letter to the defendant before filing suit, noting that it had failed to give his client "an opportunity to respond to the fabricated

9

statements." Ersek, 102 F.3d at 84 n.8. The Third Circuit found that this letter was "probably sufficient" to establish that the plaintiff had requested a name-clearing hearing. Id. Defendants contend that, unlike the letter in Ersek, "[t]he letter from Greene's counsel did not mention any alleged fabricated statements and did not request an opportunity to respond." (Defs.' Reply Br. 4-5.) Rather, according to Defendants, the letter at issue in this case merely offered to assist the Board in addressing any concerns it had about Plaintiff's performance. (Id. at 4.)

While it is true that the letter does not specifically state that Plaintiff sought an opportunity to defend his reputation against false accusations made by Defendants, it does refer to an "unfortunate salvo of attacks" against Plaintiff, raise concerns about public statements made by Defendant Street,[3] and include an offer to meet with the Board to resolve any problems associated with Plaintiff's employment. (Haines Letter 1-2.) Furthermore, the Second Amended Complaint states that "[t]he Board ignored repeated warnings from Mr. Greene (through counsel) that his rights were being violated and that he deserved to defend himself as part of the 'investigation.'" (Sec. Am. Compl. ¶ 95.) Whether or not Plaintiff actually intended to request a name-clearing hearing through the letter or any other communication with Defendants is an issue of fact that cannot be resolved at this stage of the litigation. The Court simply finds that, for the

---

[3] The letter reads as follows:

> I want to share with you my concerns about two aspects of Mayor Street's statements made to the attending audience and press. Mr. Greene, as you know, is under contract with the Philadelphia Housing Authority and I would urge you to read carefully the entirety of the circumstances under which you may terminate him. I also ask you to consider carefully the decision to conduct the kind of wide ranging investigation Mayor Street described.

(Haines Letter 1.)

purposes of Defendants' Motion to Dismiss, Plaintiff has adequately alleged that he requested a name-clearing hearing.

### 2. Whether Plaintiff May Seek Damages

Defendants also argue that Plaintiff's liberty interest claim must fail because Plaintiff seeks monetary relief in connection with this claim, while the only available remedy for his cause of action is the opportunity to defend himself at a name-clearing hearing. (Defs.' Br. 9-10.) Plaintiff responds that while the Third Circuit has not specifically ruled on the issue of damages in conjunction with a liberty interest claim, it has noted that "'a name-clearing hearing might be insufficient to cure all the harm caused by stigmatizing government comments. For instance, injury to a plaintiff's reputation might be irreversible.'" (Pl.'s Resp. Opp'n 16 (citing Ersek, 102 F.3d at 84 n.6).)

The Court agrees with Plaintiff. While Defendants are correct that the traditional remedy for deprivation of liberty interest in reputation is a name-clearing hearing, they have not identified any authority that specifically precludes the awarding of damages in addition to, or instead of, a hearing. As Plaintiff notes, the Third Circuit has left open the possibility that damages may be awarded in connection with a liberty interest claim. Furthermore, the Supreme Court has suggested that, at the very least, nominal damages may be available when a constitutional right is violated. See Codd v. Velger, 429 U.S. 624, 631 n.3 (1977) (Brennan, J., dissenting) ("As with any infringement of an intangible constitutional right . . . a jury should be permitted to decide whether to fix and award damages perhaps only nominal for the very denial of a timely due process forum where a stigmatized individual could participate in the process of

11

attempting to clear his name.").[4]  Therefore, the fact that Plaintiff seeks damages, rather than a name-clearing hearing, is not fatal to his liberty interest claim.

### 3. Whether Defendants are Entitled to Qualified Immunity

"[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  In assessing a qualified immunity defense, "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation."  Conn v. Gabbert, 526 U.S. 286, 290 (1999).

Defendants argue that because Plaintiff did not request a name-clearing hearing, he has not alleged a violation of a clearly established right, and they are therefore entitled to qualified immunity.  (Defs.' Br. 11.)  Because Plaintiff sufficiently alleged that he requested a name-clearing hearing, the Court cannot find that Defendants are entitled to qualified immunity on this basis.  Defendants' Motion to Dismiss on the grounds of qualified immunity is therefore denied, but they are not precluded from raising this defense again later in the course of this litigation.

### 4. Whether Plaintiff Has Stated a Deprivation of Liberty Interest in

---

[4] Though this passage comes from Justice Brennan's dissenting opinion, the majority in Codd simply held that, in order to be entitled to a name-clearing hearing, a plaintiff must allege that the stigmatizing comments made about him were false.  Codd, 429 U.S. at 628.  The Supreme Court did not make any definitive holding regarding the type of relief a plaintiff may seek in connection with a deprivation of liberty interest in reputation claim.  Thus, nothing in the majority opinion contradicts Justice Brennan's argument that damages may be an available remedy in this context.

12

### Reputation Claim Against Defendants Brady, Eiding, and Reynolds

Defendants Brady, Eiding, and Reynolds argue that the deprivation of liberty interest in reputation claim should be dismissed because the Second Amended Complaint fails to allege that they personally made any stigmatizing comments about Plaintiff. (Defs.' Br. 12-13.) Rather, all of the purportedly defamatory statements are attributed to Defendant Street. (Id. at 13.) Plaintiff acknowledges that government officials sued in their individual capacities must have been personally involved in order for claims against them to succeed, but notes that personal involvement "'can be shown through allegations of personal direction or of actual knowledge and acquiescence.'" (Pl.'s Resp. Opp'n 20 (quoting Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).) Plaintiff contends that Defendants Eiding, Brady, and Reynolds are liable by virtue of the fact that they had actual knowledge of Defendant Street's comments, which were made during and after Board meetings, that they knew he was denied due process, and that they voted in favor of terminating him. (Id.)

For the purposes of the Motion to Dismiss, the Court agrees with Plaintiff. Defendant Street, who is accused of making the defamatory statements, was chairman of the Board. According to Plaintiff, Defendants Eiding, Brady, and Reynolds were Board members who voted along with Defendant Street to terminate him without providing him an opportunity to clear his name. Such allegations raise the possibility that these Defendants acquiesced and participated in the violation of Plaintiff's due process rights. Defendants Eiding, Brady, and Reynolds's Motion to Dismiss the liberty interest in reputation claim is therefore denied.

### B. Breach of Contract

A lawsuit brought against a government official in his or her official capacity constitutes

"'another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 690 n.55 (1978)). It therefore follows that "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." Id.

Plaintiff contends that Defendant PHA and all individual Defendants – in their official capacities – breached the Employment Agreement by placing him on administrative leave and subsequently terminating him without cause. (Sec. Am. Compl. ¶¶ 100-08.) The individual Defendants argue that this claim should be dismissed because: (1) they are not parties to any contract with Plaintiff, (ii) Plaintiff has included Defendant PHA, his actual employer, in the breach of contract claim, and allowing the claim to proceed against them in their official capacities is unnecessary and redundant, and (iii) pursuant to 35 P.S. § 1550(gg), employees and official agents of a housing authority are not personally liable for any provision of an employment agreement. (Defs.' Br. 13-15.) Plaintiff responds by citing to Crighton v. Schuykill County, 882 F. Supp. 411 (E.D. Pa. 1995), in which the court held that claims against individuals in their official capacities need not be dismissed simply because the state entity with which they are employed has also been named in the lawsuit. (Pl.'s Resp. Opp'n 21 (citing Crighton, 882 F. Supp. at 414-15).)

In a decision subsequent to Crighton, however, a court in this District held that while "there is no requirement that a district court dismiss official capacity claims[,] . . . where the substance of plaintiff's claims will not be diminished, redundant and unnecessary claims should be eliminated from a complaint in order to avoid confusion and to identify accurately the potentially responsible parties." Kenny v. Whitpain Twp., No. CIV.A.96-3527, 1996 WL

445352, at *3 n.2 (E.D. Pa. Aug. 6, 1996). In this case, Plaintiff has not articulated any reason why Defendants Street, Blackwell, Brady, Eiding, and Reynolds should be included in the breach of contract claim against his employer, Defendant PHA. None of the individual Defendants are parties to the Employment Agreement and, as noted above, any damages to which Plaintiff is entitled would be paid by Defendant PHA. The individual Defendants' Motions to Dismiss the breach of contract claim are therefore granted.[5]

## IV. CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff has sufficiently alleged that Defendants Street, Brady, Eiding, and Reynolds denied him an opportunity to respond to defamatory statements that were made about him at the time his employment was terminated. Furthermore, the Court cannot decide at this stage of the litigation whether Defendants are entitled to qualified immunity. Therefore, Defendants Street, Brady, Eiding, and Reynolds's Motion to Dismiss Plaintiff's liberty interest claim is denied. With respect to the breach of contract claim, Plaintiff's cause of action against the individual Defendants in their official capacities is merely duplicative of his claim against Defendant PHA, the entity with which his Employment Agreement actually exists. Therefore, Defendants Street, Blackwell, Brady, Eiding, and Reynolds's Motions to Dismiss Plaintiff's breach of contract claim are granted. Because the breach of contract claim was the only pending cause of action against Defendant Blackwell, she

---

[5] Because the Court is dismissing the breach of contract claim against the individual Defendants on the grounds that it is duplicative of the claim against Defendant PHA, it declines to consider the argument that liability against them is precluded by 35 P.S. § 1550(gg). Likewise, the Court will not address Defendant Blackwell's argument that because she resigned from the Board after this litigation commenced, her successor should be substituted for her as a party. (See Def. Blackwell's Br. Supp. Mot. Dismiss 9-10.)

is dismissed from this lawsuit.

        An appropriate Order follows.