IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL R. GREENE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN F. STREET, Chairman | : | NO.  10-4529 |
| DEBRA L. BRADY, | : | |
| PATRICK J. EIDING, | : | |
| NELLIE W. REYNOLDS, and | : | |
| PHILADELPHIA HOUSING AUTHORITY, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM

BUCKWALTER, S.J.                                                                                                  June 26, 2012

  Defendants John F. Street, Debra L. Brady, Patrick J. Eiding, Nellie W. Reynolds, and Philadelphia Housing Authority ("Defendants") have filed the present Motion to Compel Further Deposition Testimony of Plaintiff Carl R. Greene.  For the following reasons, the Motion is granted as set forth in the accompanying Order.

I.  FACTUAL BACKGROUND[1]

  Plaintiff began working as the Executive Director of Defendant Philadelphia Housing Authority ("PHA") on March 3, 1998.  (Sec. Am. Compl. ¶¶ 13.)  In August of 2010, a series of newspaper articles reported that Plaintiff had defaulted on his mortgage, was subject to federal tax liens, and had been accused of sexual harassment by several former PHA employees.  (Id. ¶¶

---

[1] The Court provides only a brief account of the facts necessary to address the pending Motion.  For a more thorough discussion of the factual allegations and procedural history of this case, see Greene v. Street, No. Civ.A.10-4529, 2011 WL 2517144, at *1-2 (E.D. Pa. June 22, 2011).

23-26.)  Subsequent to these reports, on August 26, 2010, PHA's Board of Commissioners—which consisted of Defendants Street, Brady, Eiding, Reynolds, and a woman named Jannie Blackwell—placed Plaintiff on administrative leave, and adopted a resolution authorizing an independent investigation of the sexual harassment allegations.  (Id. ¶¶ 7-12, 32-36; id. Ex. H.)  On September 23, 2010, the Board voted 4-1 in favor of terminating Plaintiff.  (Id. ¶ 73.)  Plaintiff has brought suit against Defendants for deprivation of liberty interest in reputation without due process of law and for breach of his employment agreement.

Defendants filed the present Motion to Compel Further Deposition Testimony on April 30, 2012.  Plaintiff filed his Response in Opposition on May 24, 2012, and Defendants filed a Reply Brief on June 1, 2012.  The Motion is now ripe for the Court's consideration.

## II.   DISCUSSION

"Under both federal and Pennsylvania law, corporate officers and directors may not claim a privilege for communications made to counsel in their corporate capacities."  United States v. Norris, 722 F. Supp. 2d 632, 637 (E.D. Pa. 2010) (citations omitted).  Rather, in order for corporate officers to assert a claim of attorney-client privilege regarding communications with corporate counsel, they must demonstrate the following:

> "First, they must show they approached [counsel] for the purpose of seeking legal advice. Second, they must demonstrate that when they approached [counsel] they made it clear that they were seeking legal advice in their individual rather than in their representative capacities.  Third, they must demonstrate that the [counsel] saw fit to communicate with them in their individual capacities, knowing that a possible conflict could arise.  Fourth, they must prove that their conversations with [counsel] were confidential.  And, fifth, they must show that the substance of their conversations with [counsel] did not concern matters within the company or the general affairs of the company."

Id. (quoting In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120, 123 (3d Cir.

2

1986)). Importantly, "the burden of demonstrating that a privileged relationship exists . . . rests on the party who seeks to assert it." Applied Tech. Intern., Ltd. v. Goldstein, No. Civ.A.03-848, 2005 WL 318755, at *4 (E.D. Pa. Feb. 7, 2005) (citing United States v. Costanzo, 625 F.2d 465, 468 (3rd Cir. 1980)).

During a recent deposition, Plaintiff refused to answer certain questions concerning conversations with an attorney named Mark Foley, stating that the communications were protected by the attorney-client privilege. (See, e.g., Defs.' Mot. Compel, Ex. B, Dep. of Carl R. Greene, 137:21-141:10, Apr. 7, 2012.) These conversations pertained to the sexual harassment complaints that were filed while Plaintiff was Defendant PHA's Executive Director. (Defs.' Mem. Supp. Mot. Compel ("Defs.' Mem.") 2.)

According to Defendants, although the harassment allegations stemmed from Plaintiff's conduct, the complaints were filed against Defendant PHA itself, not Plaintiff. (Id. at 4.) Defendants contend that Mr. Foley was hired to represent Defendant PHA, not Plaintiff, in connection with these sexual harassment claims, and that Defendant PHA has waived its privilege with respect to this representation. (Id. at 4, 11.) Because Plaintiff was not represented individually by Mr. Foley, he purportedly cannot assert a claim of attorney-client privilege. (Id. at 11.) Defendants request another opportunity to depose Plaintiff in order to obtain responses to several questions, including those he refused to answer on the grounds of privilege.

The Court agrees with Defendants that Plaintiff has failed to demonstrate that his communications with Mr. Foley are protected by the attorney-client privilege. First, Plaintiff admits that Mr. Foley was retained and paid by Defendant PHA. (Pl.'s Resp. Opp'n 6.) This supports Defendants' contention that Mr. Foley was hired to represent Defendant PHA as an

entity, not any of its individual employees.  Second, in order for communications to be protected by the attorney-client privilege, a corporate officer such as Plaintiff is required to make clear to corporate counsel that he is seeking legal advice in his individual, rather than in his representative, capacity.  Here, Plaintiff merely asserts—without citation to any evidence—that Mr. Foley represented him individually "on certain matters." (Id. at 5.)  He does not identify *any* specific occasion when such representation occurred, let alone affirmatively represent to this Court that he sought Mr. Foley's advice in his individual capacity in connection with the sexual harassment claims.  Finally, Plaintiff has also failed to show that the substance of his conversations with Mr. Foley did not concern matters within PHA or the general affairs of the agency.  Rather, as noted by Defendants, the sexual harassment claims were actually brought against Defendant PHA itself.[2]  In sum, the Court finds that Plaintiff failed to carry his burden of establishing that he was Mr. Foley's client and that their communications are protected by the attorney-client privilege.[3]  Defendants' Motion to Compel Further Deposition Testimony is

---

[2] Plaintiff also argues that even if Defendant PHA could waive the privilege with respect to his communications with Mr. Foley, it cannot simultaneously assert the privilege over other communications pertaining to the same subject matter. (Pl.'s Resp. Opp'n 7.)  According to Plaintiff, Defendants have attempted to do so here. (Id. at 7-9.)  The Court disagrees.  The two instances of "selective waiver" cited by Plaintiff appear to have involved communications made during Defendants' investigation of Plaintiff, which occurred *after* the sexual harassment claims had been settled. (See id. at 8.)  Therefore, the subject matter of the communications is not identical.  Furthermore, neither of these privileged conversations involved Mr. Foley. (Id.)

[3] In the event the Court found that a joint defense relationship existed between Defendant PHA and Plaintiff, Defendants argued that the attorney-client privilege would still not apply because the two parties are now in dispute. (Defs.' Mem. 14.)  Because the Court finds that Plaintiff was not represented by Mr. Foley, it declines to consider this argument.

therefore granted.[4]

## IV.   CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff has failed to demonstrate that any of the communications he had with Mark Foley are protected by the attorney-client privilege.  Therefore, Defendants' Motion to Compel Further Deposition Testimony is granted.  Plaintiff, however, may arrange for his deposition to be conducted via telephone rather than appearing in person.

An appropriate Order follows.

---

[4] Plaintiff, who currently resides in Georgia, has requested that any further deposition be conducted via telephone.  Defendants oppose this request, arguing that deposing Plaintiff over the phone would be "cumbersome" and deprive them of the ability to videotape his responses. (Defs.' Reply Br. 2.)  The Court is unpersuaded.  Defendants have already conducted their initial deposition of Plaintiff, and now merely seek responses to a few supplementary questions.  They have neither described how a telephonic deposition would be cumbersome, nor articulated a reason why it is necessary to have a videotape—as opposed to an audio—recording in order to document Plaintiff's remaining answers.  Accordingly, Plaintiff may be deposed via telephone.